FRANK D. CRUIKSHANK, petitioner-appellant,

*v.*

LAURA COCHRAN CRUICKSHANK, defendant-respondent.

[Submitted October term, 1933. Decided February 2d, 1934.]

On appeal from a decree of the court of chancery advised by Advisory Master Matthews, who filed the following opinion:

"The petition for divorce is by a husband alleging extreme cruelty on the part of his wife. Several acts of cruelty are alleged, all of them virtually of the same character, namely, the drunkenness of the wife which is said to have caused the husband mortification and shame before his children and some of his neighbors who viewed some of the acts complained of. These acts of drunkenness he alleges have made him nervous, have caused him to lose weight, have impaired his health and business efficiency, and will continue so to do.

"The couple have been married twenty-two years and have four children, twenty, seventeen, fifteen and fourteen years old. The defendant is forty-five years old and according to her husband's testimony, had change of life a year ago. She started drinking four or five years ago.

"The evidence offered to prove the physical effects on the petitioner of these acts of public and private drunkenness is principally that of a Doctor Salvati, who, however, finds the petitioner organically sound, though nervous from a mental cause which, from the history given by the petitioner, the doctor declares to be these acts of drunkenness on the part of the defendant. The loss of weight alleged by the petitioner as consequent upon this nervousness is unproved save by petitioner's statement to the doctor, for the doctor did not weigh him before or after his examination or during the course of his treatments.

"The alleged acts of cruelty, to wit, private and public drunkenness, are testified to by several witnesses, one of whom is one of the four children of the defendant, the other three not having been called as witnesses.

"This suit for divorce was undefended by the defendant wife, though I have before me a'brief filed in her behalf asking that the decision of the special master be affirmed.

"I have examined the testimony and briefs in this case intimately and have concluded that the decision of the special master recommending that the petition for divorce be denied should be affirmed.

"For the benefit of counsel for the petitioner, who has requested my decision in writing, I will say that the acts of cruelty alleged do not constitute that cruelty which our laws purviews as grounds for divorce. As Vice-Chancellor Backes said in *Bridge* v. *Bridge, 93 Atl. Rep. 690:*

" 'Drunkenness and vile language without more do not constitute extreme cruelty. They must be foreborne as an affliction under that part of the marriage contract which reads "for better or for worse." '

"The long years of wifely and motherly conduct of this defendant for those years of the married life that brought this couple four children and involved the care and worry and toil that motherhood entails in the bearing and rearing of these children must not, on such evidence as this case offers, be wiped out by a habit which apparently was born in years immediately preceding menopause and has continued through that necessarily distressful period of a woman's existence.

"The alleged mental ills of this petitioner over a period of five years, when weighed against the privileges, joys and comforts of the rest of his married life with this defendant makes forebearance a marital duty and prompt the suggestion that in this marriage contract in assaying the 'for better or worse' clause, the petitioner will find conscience much more helpful than statute."

*Mr. S. Sidney Silver,* for the petitioner.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons expressed in the opinion delivered by Advisory Master Matthews in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.